IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IMHOTEP JORDAN, SR.,

    Plaintiff,                       No. CIV-11-1961 GGH P

    vs.

VICTORIA MINOR,

    Defendant.                  <u>ORDER; FINDINGS & RECOMMENDATIONS</u>

        By order, filed on September 12, 2011, plaintiff's eighty-one page filing was denied without prejudice and he was directed to file, inter alia, within thirty days, a complaint that complied with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure and the Local Rules of Practice. He was also directed, within the same period, to file an in forma pauperis application or the appropriate $350.00 filing fee and cautioned that failing to comply with this order would result in a recommendation that this matter be dismissed. The docket indicates that the order was returned on September 19, 2011, because it was refused; when re-served, it was again refused by the inmate and returned as undeliverable on October 3, 2011. Instead of conforming to any of the requirements of the order, which plaintiff apparently refused even to receive, plaintiff, on October 19, 2011, filed a voluminous and virtually incoherent ninety-six page document entitled "demand for contractual oath of office, duties, responsibilities

1

and obligations by this court and its officers by way of performance thereof."  Docket # 7.  Thus, plaintiff has wholly and willfully refused to receive, much less comply, with a court order. Moreover, this filing is not only not in compliance with an order of this court but also completely fails to conform with the requirements of Fed. R. Civ. P. 8.

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint, to the extent this filing can be construed as one, fails to meet these requirements.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.) The amended filing in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  McHenry , 84 F.3d at 1179-80.

In addition, plaintiff apparently continues to seek to hold the Clerk of the Court to account for a perceived wrong with regard to her alleged failure to enter a default judgment in a case which he fails to even identify.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987), citing "Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir.1979) (§ 1983 case), cert. denied, 445 U.S. 962, 100 S.Ct. 1648 [](1980); Shipp v. Todd, 568 F.2d 133, 134 (9th Cir.1978) (same); Stewart v. Minnick, 409 F.2d 826 (9th Cir.1969) (same). Cf. Sharma v. Stevas, 790 F.2d 1486 (9th Cir.1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under Federal Tort Claims Act because his acts were an integral part of the judicial process). "

\\\\

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003). Although plaintiff was granted an opportunity to amend his original filing, he elected to repudiate the court's order and file a rambling and disjointed document that fails to conform with the applicable rules.

The court will now recommend dismissal of this action with prejudice for plaintiff's failure, or even flat refusal, to comply with a court order, the Federal Rules of Civil Procedure and the Local Rules. See Fed. R. Civ. P. 41(b) and Local Rule 110.

IT IS ORDERED that the Clerk of the Court assign a district judge to this case.

IT IS RECOMMENDED that this action be dismissed with prejudice for plaintiff's refusal to comply with a court order, the Federal Rules of Civil Procedure and the Local Rules. See Fed. R. Civ. P. 41(b) and Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

1 within the specified time may waive the right to appeal the District Court's order. Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: November 29, 2011

                                /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
jord1961.ord